**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1274-24

BLITEI LLC,

     Plaintiff-Respondent,

v.

HARINDER SINGH,

     Defendant-Appellant,

and

MR./MRS. SINGH, spouse of
Harinder Singh, RAYMOND J.
PRESNAL, his heirs, devisees and
personal representatives and their
or any of their successors in right,
title and interest, JP MORGAN
CHASE BANK NA, SIMREN
REALTY LLC; DAVINDER
SINGH, STATE OF NEW
JERSEY, MIDLAND FUNDING
LLC, BELINDA M COMBS,
RAYMOND C. PRESNAL,
heir to Raymond J. Presnal,
his heirs, devisees and personal
representatives and their or any
of their successors in right, title
and interest; ROMA J. BARTOS,

f/k/a ROMA J. PRESNAL ARAZY, heir to Raymond C. Presnal, CAROL PRESNAL, a/k/a CAROL FORSYTHE PRESNAL, heir to Raymond C. Presnal, LORRAINE ONGARO, heir to Raymond C. Presnal, GREGORY E. PRESNAL, heir to Raymond C. Presnal, and ERIC R. PRESNAL, heir to Raymond C. Presnal,

      Defendants.

_____

Argued March 3, 2026 – Decided April 15, 2026

Before Judges DeAlmeida and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-005667-21.

Harinder Singh, appellant, argued the cause on appellant's behalf.

Andre O. Kwon argued the cause for respondent (Gary C. Zeitz LLC, attorneys; Amber J. Monroe, on the brief).

PER CURIAM

Defendant Harinder Singh appeals from two Chancery Division orders in this tax lien foreclosure matter: (1) the October 25, 2024 order denying his motion to vacate the August 31, 2022 final judgment of foreclosure; and (2) the

A-1274-24

December 6, 2024 order denying his motion for reconsideration of the October 25, 2024 order. We affirm.[1]

I.

On May 22, 2017, defendant acquired title to residential real property in Sayreville Borough (the property). Defendant did not reside at the property. He lived in a nearby residence, the address of which was on file with the tax collector for receipt of tax bills associated with the property.

Shortly after obtaining title, defendant neglected to pay local property taxes, and water and sewer charges on the property. As a result, on October 24, 2019, the borough sold a tax sale certificate for the property in the amount of $7,846.99 to US Bk Cust for Actlien Holdings (Actlien).[2]

---

[1] Defendant's notice of appeal (NOA) and case information statement (CIS) indicate he is appealing from the August 31, 2022 final judgment. However, "appeals from final judgments of courts . . . shall be filed within [forty-five] days of their entry." R. 2:4-1(a). Defendant's NOA was filed on December 26, 2024, more than two years after entry of the final judgment, depriving us of jurisdiction to review the judgment. In addition, defendant's brief challenges the validity of a May 13, 2022 order not listed in NOA or CIS, and from which an appeal would be time barred. We do not consider that order.

[2] Actlien also paid a $14,000 premium to obtain the lien. "Any premium payment shall be held by the collector and returned to the purchaser of the fee if and when redemption is made. If redemption is not made within five years from the date of sale the premium payment shall be turned over to the treasurer

On October 1, 2021, Actlien served a pre-foreclosure notice on defendant by certified mail addressed to his residence. At that time, the approximate amount necessary to redeem the lien was $28,156.04. The certified mail was returned unclaimed.

On November 9, 2021, Actlien filed a complaint in the Chancery Division to foreclose the right to redeem the lien.[3]

On November 15, 2021, Harish Singh accepted service of the summons and complaint on behalf of defendant at his home address. She identified herself to the process server as defendant's wife. The process server completed an affidavit of service on which he mistakenly checked the box indicating he served defendant by delivering the summons and complaint personally to him. However, the process server also completed the line on the affidavit entitled "name and relationship of person accepting service" as follows: "wife Harsh Sing (sic)." The affidavit includes a physical description of the "person receiving documents" matching that of defendant's spouse. When apprised of

---

of the municipality and become a part of the funds of the municipality." N.J.S.A. 54:5-33.

[3] While the foreclosure action was pending, Actlien transferred the lien to plaintiff Blitei, LLC (Blitei). On August 12, 2022, the court entered an order substituting Blitei as plaintiff. References to plaintiff in this opinion refer to Blitei.

A-1274-24

the error in the affidavit, the process server completed a corrected affidavit indicating Harish Singh accepted service on behalf of defendant.[4] Defendant did not file an answer or respond to the complaint.

On April 22, 2022, plaintiff moved for entry of an order setting the date, time, place, and amount of redemption on the lien. At that time, the approximate amount due to redeem the lien was $33,019.61. Plaintiff served the motion on defendant by first-class, and certified mail, return receipt requested. Plaintiff obtained a signed receipt for the certified mail and the first-class mail was not returned.

On May 13, 2022, the court entered an order setting July 12, 2022, as the last date on which to redeem the lien. On June 22, 2022, plaintiff served the May 13, 2022 order on defendant by first-class, and certified mail, return receipt requested. The certified mail was returned marked "unclaimed," and the first-class mail was not returned.

Defendant did not redeem the lien. As a result, on July 29, 2022, plaintiff moved for entry of final judgment. Defendant did not oppose the motion.

---

[4] The process server also attempted to effectuate service of the complaint at the property. He executed an affidavit stating the residence on the property was vacant, its front door was removed, and its windows were broken. There is no indication in the record the property was declared abandoned.

A-1274-24

On August 31, 2022, the motion court entered final judgment. On September 1, 2022, plaintiff served a copy of the final judgment on defendant by first-class mail at his residence.

On October 15, 2022, defendant filed a document purporting to be a motion to dismiss the complaint for failure to state a claim and opposition to plaintiff's motion for summary judgment. In the document, defendant acknowledged he was in receipt of the complaint and provided a detailed account of the procedural history of the foreclosure matter. Defendant argued plaintiff did not establish subject matter jurisdiction in the motion court. He did not, however, argue he was not served with the summons and complaint. Also on October 15, 2022, defendant filed opposition to plaintiff's already decided motion for entry of final judgment.

On October 28, 2022, the motion court issued a deficiency notice to defendant rejecting his documents because: (1) his motion was not accompanied by the required filing fee; (2) he was not an active party in the foreclosure matter; and (3) there was no pending motion for entry of final judgment.

On October 25, 2022, defendant, acting under the name "H. Guy," filed in the motion court a document entitled "notice," the purpose of which is unclear. While the document included a discussion of the foreclosure matter, defendant

did not argue he was not served with the summons and complaint. The court issued a deficiency notice to defendant because the document was filed under the name of a non-party and the signature on the document was illegible.

On October 3, 2024, defendant moved to vacate the final judgment more than two years after its entry. Defendant challenged service of the summons and complaint based on the clerical error in the original affidavit of service. He did not deny receipt of the summons and complaint, dispute his marriage to Harish Singh, or deny knowledge of the foreclosure action or entry of the final judgment two years earlier. Nor was the motion accompanied by a certification of Harish Singh contesting service of the summons and complaint. Plaintiff opposed the motion.

On October 25, 2024, the court entered an order denying the motion, which it interpreted as having been filed under Rule 4:50-1(a), (d), (e) and (f). In a written decision, the motion court concluded defendant was not entitled to relief under: (1) Rule 4:50-1(a) because his motion was filed more than a year after entry of the final judgment and because he did not demonstrate mistake, inadvertence, surprise, or excusable neglect for the late filing; or (2) Rule 4:50-1(d), (e), or (f) because his motion was not filed within a reasonable time after

entry of the judgment, and he did not establish excusable neglect for the late filing or extraordinary circumstances warranting relief from the judgment.

On November 4, 2024, defendant moved for reconsideration of the October 25, 2024 order. Although the motion was not accompanied by a certification from defendant, he argued the final judgment should be vacated because he suffered from a medical condition. Defendant argued he had a shoulder injury and was using medication that caused "irregular sleep, reduced thinking power, as any other reasonable person would do on a regular basis." He also argued he was confused as to how to respond to court proceedings and had filed papers in the wrong case. In addition, defendant argued plaintiff locked him out of the property, which plaintiff subsequently destroyed, depriving him of rental income from tenants purportedly living at the property until illegally evicted by plaintiff.

Defendant reiterated his argument the court lacked jurisdiction to issue the final judgment because the error in the original affidavit of service was a "substantial deviation." In addition, defendant denied receiving the pre-foreclosure notice, challenged the validity of the lien, and disputed the amount of taxes and fees due on the property.

A-1274-24

Finally, defendant requested, for the first time, the court enter a $537,682.85 judgment in his favor, as compensation for the taking of the equity in the property above that necessary to redeem the lien. That claim was based on Tyler v. Hennepin Cnty., 598 U.S. 631 (2023), which was issued on May 25, 2023, more than a year before the October 3, 2024 filing of defendant's motion to vacate the judgment. Defendant submitted no admissible evidence establishing the value of the property or the amount of excess equity he claimed was subject to a taking. Plaintiff opposed the motion.[5]

On December 6, 2024, the court entered an order denying defendant's motion. In a written decision, the court described defendant's motion as "borderline frivolous, if not sanctionable" and "procedurally and substantively deficient." The court explained:

> The [d]efendant here failed to provide (1) any probative evidence, or (2) instances of law that should have been applied, but [were] not, or, of course, law that was applied that should not have been. Nor has the [d]efendant brought forward any new or additional

---

[5] The parties dispute the amount necessary to redeem the tax lien and make plaintiff whole in the event the judgment is vacated. Plaintiff alleges it paid substantial amounts repairing, renovating, and insuring the property, satisfying local property taxes and other expenses, and incurred attorney's fees. Plaintiff alleges, as of the filing of its merits brief, the amount necessary to make it whole was $309,463.63. Defendant argues the redemption amount is far less. In addition, plaintiff argues defendant substantially exaggerated the fair market value of the property based on inadmissible evidence from a real estate website.

information to the [c]ourt's attention which he could not have provided on the first application, that the [c]ourt could have considered, or should now consider, in the interest of justice. If anything, this application portends to unduly and unfairly protract this matter . . . .

The court also found defendant did not establish service of the summons and complaint was deficient. It noted defendant did not dispute Harish Singh was his spouse or that she accepted service of the summons and complaint on his behalf. In addition, the court found defendant did not establish the clerical error in the affidavit of service prevented him from learning he was being sued or participating in the foreclosure action.

In addition, the court found defendant failed to produce evidence establishing he suffered from a medical condition that prevented him from responding to the complaint or explain why he did not raise the medical condition in his motion to vacate the final judgment. The court concluded that

no new evidence has been offered or presented that was otherwise not known to the [d]efendant when he made the motion at that time – or since – for the [c]ourt to consider. Purported evidence consisted of self-serving statements as to [d]efendant's "confusion" is not the kind that would warrant a granting of a reconsideration motion, and neither do his medical conditions – to the extent that they are even demonstrated in his moving papers – rise to the level of "exceptional circumstances" that the [c]ourt should have considered in reaching its decision, that is, had it known so.

A-1274-24

This appeal followed.

Defendant raises the following arguments for our consideration.

POINT I

THE DEFAULT JUDGMENT IS VOID DUE TO DEFECTIVE SERVICE AND LACK OF JURISDICTION.

POINT II

THE TRIAL COURT ERRED BY DENYING RELIEF UNDER RULE 4:50-1(a) AND (f), DESPITE UNDISPUTED DEFECTS AND A LACK OF NOTICE.

POINT III

PLAINTIFF FAILED TO PROVE STANDING OR CAPACITY TO SUE, RENDERING THE JUDGMENT A NULLITY.

POINT IV

THE CERTIFICATE OF SALE AND REDEMPTION NOTICE WERE FATALLY DEFECTIVE AND DENIED DUE PROCESS.

POINT V

THE SUMMONS WAS INVALID, BREAKING THE CHAIN OF NOTICE AND DEPRIVING THE COURT OF JURISDICTION.

In his reply brief, defendant raises the following arguments.

POINT I

PLAINTIFF FAILED TO ESTABLISH VALID SERVICE OF PROCESS, RENDERING THE JUDGMENT VOID.

POINT II

PLAINTIFF FAILED TO PROVE SERVICE OF THE NOTICE OF INTENTION TO FORECLOSE.

POINT III

APPELLANT WAS READY AND WILLING TO REDEEM BUT WAS DENIED THE OPPORTUNITY.

POINT IV

OWNERSHIP CONTRADICTIONS UNDERMINE PLAINTIFF'S CLAIM OF TITLE.

POINT V

PLAINTIFF'S CLAIMED EXPENDITURES AND ATTORNEY'S FEES ARE INFLATED, UNSUPPORTED, AND IRRELEVANT TO REDEMPTION.

POINT VI

THE FORECLOSURE RESULTED IN AN UNCONSTITUTIONAL TAKING OF EQUITY.

A-1274-24

POINT VII

THE FORECLOSURE IS VOID BECAUSE OF A BREAK IN THE CHAIN OF TITLE: ASSIGNMENT COVERED ONLY LOT 20, NOT LOT 21.

POINT VIII

THE SUMMONS WAS IMPROPERLY ISSUED AND JURISDICTIONALLY DEFECTIVE.

POINT IX

PLAINTIFF MISREPRESENTED TAX PAYMENT HISTORY; BOROUGH RECORDS PROVE 2017 TAXES WERE PAID IN FULL.

POINT X

THE CERTIFICATE OF SALE CITES A STATUTE THAT AUTHORIZED ONLY PUBLIC WELFARE USES, NOT PRIVATE PROFIT, AND IS THEREFORE ULTRA VIRES.

II.

We begin with defendant's appeal of the October 25, 2024 order denying his motion to vacate the August 31, 2022 final judgment. The Tax Sale Law (TSL), N.J.S.A. 54:5-1 to -137, "shall be liberally construed as remedial legislation to encourage the barring of the right of redemption by actions in the Superior Court to the end that marketable titles may thereby be secured." BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117,

127-28 (App. Div. 2021) (quoting N.J.S.A. 54:5-85). "However, 'that provision does not negate the specific textual provisions of the [TSL] that protect property owners' from forfeiture." Id. at 128 (quoting Simon v. Cronecker, 189 N.J. 304, 322 n.10 (2007)). "Significantly, although the [TSL's] main aim 'is to encourage the purchase of tax certificates, another important purpose is to give the property owner the opportunity to redeem the certificate and reclaim [their] land.'" Ibid. (quoting Simon, 189 N.J. at 319). See also Sonderman v. Remington Constr. Co., 127 N.J. 96, 109 (1992) ("The primary purpose of the [TSL] is not to divest owners of their property, but to provide a method for collecting taxes.").

Once a final judgment of foreclosure has been entered, however, the taxpayer's ability to regain title by vacating the judgment of foreclosure and redeeming the lien is limited. N.J.S.A. 54:5-87 precludes a court from entertaining an "application . . . to reopen the judgment after three months from the date thereof, and then only upon the grounds of lack of jurisdiction or fraud in the conduct of the suit."

> We have interpreted N.J.S.A. 54:5-87 to permit relief from judgment, within three months, for any reason enumerated in Rule 4:50-1, Bergen-Eastern Corp. v. Koss, 178 N.J. Super. 42, 45 (App. Div. 1981), and "then," meaning "thereafter," "only upon the grounds of lack of jurisdiction or fraud in the conduct of the suit," Town of Phillipsburg v. Block 1508, Lot 12, 380 N.J.

14

Super. 159, 166 n.8 (App. Div. 2005) (emphasis omitted).

[BV001 REO, 467 N.J. Super. at 128.]

We have also held that despite the three-month limit in N.J.S.A. 54:5-87, a party may seek relief from a final judgment of foreclosure under Rule 4:50-1(a), (b), or (c) within a one-year period, as permitted by Rule 4:50-2. M & D Assocs. v. Mandara, 366 N.J. Super. 341, 351 (App. Div. 2004). "Otherwise, the motion to vacate [under Rule 4:50-1(d), (e), or (f)] must be brought within a reasonable time," as provided by Rule 4:50-2. Ibid. In some circumstances, a reasonable time "may be less than one year from entry of the order in question." Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div. 2011).

Defendant's motion to vacate the August 31, 2022 final judgment, made more than two years after entry of the judgment was, therefore, potentially viable only if he could establish "the judgment . . . is void[,]" under Rule 4:50-1(d), or "any other reason justifying relief[,]" under Rule 4:50-1(f), provided the motion was filed within a reasonable time.[6]

---

[6] The motion court considered defendant's motion as seeking relief under Rule 4:50-1(e) ("the judgment . . . has been satisfied, released or discharged, or a prior judgment or order upon which it based has been reversed or otherwise vacated, or it is no longer equitable that the judgment . . . should have prospective application . . . ."). However, nothing in the record supports the conclusion defendant sought relief under that subsection.

A-1274-24

Rule 4:50-1 "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977). To balance these goals, "[a] court should view 'the opening of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'" Mancini v. EDS ex rel N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (alterations in original) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div.), aff'd, 43 N.J. 508 (1964)).

The movant bears the burden of demonstrating a right to relief. Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003). "All doubts, however, should be resolved in favor of the part[y] seeking relief." Mancini, 132 N.J. at 334. Equitable principles should influence a court's decision to vacate a default judgment. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994); Pro. Stone, Stucco & Siding Applicators, Inc. v. Carter, 409 N.J. Super. 64, 68 (App. Div. 2009).

We review a trial court's decision to deny a motion to vacate a default judgment under Rule 4:50-1 for abuse of discretion. Deutsche Bank Nat'l Tr.

16

Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012). We will not reverse the trial court's decision unless it is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wall-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). Indeed, "[t]he trial court's determination under [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be "clear" to warrant reversal. Ibid.

As noted above, motion for relief under subsection (d) or (f) must be filed "within a reasonable time" after entry of the judgment from which relief is sought. R. 4:50-2. Here, the final judgment was entered on August 31, 2022. Plaintiff served the judgment on defendant on the following day, September 1, 2022. Defendant filed his motion to vacate the judgment on October 3, 2024, more than two years later. Defendant proffered no credible explanation for the two-year delay.

The record establishes that shortly after entry of the judgment, defendant was aware of the foreclosure action and capable of petitioning the motion court for relief. In October 2022, less than two months after entry of the judgment, and within the statutory period to move to vacate the judgment, defendant submitted three documents to the motion court. First, on October 15, 2022,

defendant filed what he characterized as a motion to dismiss the complaint for failure to state a claim and opposition to plaintiff's motion for summary judgment. Second, also on October 15, 2022, defendant filed what he characterized as opposition to defendant's motion for entry of final judgment. Third, on October 25, 2022, defendant, acting under the name "H. Guy," filed a document entitled "notice," which refers to plaintiff's intention to seek relief relating to the foreclosure in federal court.

On October 28, 2022, the motion court issued a deficiency notice to defendant rejecting his October 15, 2022 documents because: (1) his motion was not accompanied by the required filing fee; (2) he was not an active party in the foreclosure matter; and (3) there was no pending motion for entry of final judgment. On October 31, 2022, the motion court issued a deficiency notice to defendant because the October 25, 2022 document was filed under the name of a non-party and the signature on the document was illegible. It was not until nearly two years later that defendant moved to vacate the judgment.

We have found a defendant who moved pursuant to Rule 4:50-1(d) to vacate a final judgment of foreclosure on standing grounds two years after entry of the judgment did not act within a reasonable time under Rule 4:50-2. Deutsche Bank Tr. Co. v. Angeles, 428 N.J. Super. 315, 320 (App. Div. 2012)

("Defendant did not raise the issue of standing until he had the advantage of many years of delay."). In addition, in <u>Russo</u>, 429 N.J. Super. at 99-100, we found a defendant's motion to vacate a foreclosure judgment pursuant to <u>Rule</u> 4:50-1(d) and (f) for lack of jurisdiction more than two years after entry of the judgment was not filed within a reasonable time under <u>Rule</u> 4:50-2.

Here, plaintiff obtained the judgment more than a year after filing its complaint – with no answer or asserted defense by defendant – and relied on the judgment for more than two years as it continued to invest in the property before defendant filed his motion to vacate. In the absence of proof of a valid excuse for defendant's delay in filing his motion – or a credible basis on which the judgment might be vacated – plaintiff was entitled to finality and repose with respect to the title to the property it obtained two years earlier. The motion court, therefore, did not mistakenly exercise its discretion when it concluded defendant did not move to vacate the final judgment within a reasonable time under <u>Rule</u> 4:50-2. Defendant, therefore, was not entitled to relief under the <u>Rule</u>.

Nor do we find in the record a basis on which to disturb the December 6, 2024 order denying defendant's motion for reconsideration. <u>Rule</u> 4:49-2 provides:

Except as otherwise provided by [R.] 1:13-1 (clerical errors), a motion for rehearing or reconsideration seeking to alter or amend a judgment or final order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or final order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Id. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401. A motion for reconsideration is not an opportunity to "expand the record and reargue a

motion. . . . [It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Cap. Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

Defendant identified no palpably incorrect or irrational reasoning by the motion court in denying his motion to vacate the judgment. Nor did he point to any competent evidence overlooked by the motion court when it reached its decision.[7]

He also raised no new argument that he could not have raised in his motion to vacate the judgment. Notably, in his motion for reconsideration, defendant argued, for the first time, he was entitled to entry of a $537,682.85 judgment in his favor, pursuant to Tyler v. Hennepin Cnty. as just compensation for the taking of equity in the property above that necessary to redeem the lien.

---

[7] In his motion for reconsideration, defendant, for the first time, alleged he suffered from shoulder injury and that medication he took to treat the condition hampered his response to the complaint. The motion court rejected this argument. Because defendant did not raise this argument in his merits brief, we consider it waived. "[A]n issue not briefed is deemed waived." Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2026); Telebright Corp. v. Dir., N.J. Div. of Tax., 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

However, the Supreme Court issued its decision in Tyler on May 25, 2023, a year and four months before defendant filed his motion to vacate the judgment. Thus, defendant could have raised Tyler in his motion to vacate the judgment or shortly after Tyler was issued. Defendant offered no explanation for not raising the issue in his motion to vacate, or for the long delay between the Supreme Court's issuance of Tyler and defendant's first assertion of the claim in his motion for reconsideration.

In any event, defendant is not entitled to retroactive application of Tyler as a basis to vacate the final judgment. In 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 363 (App. Div. 2023) (Roberto I), we concluded the holding in Tyler would be accorded pipeline retroactivity. That is, the holding would be applied in all cases pending in the courts on the day the opinion in Tyler was issued. In Roberto I, less than two months after entry of a final judgment in a tax lien foreclosure matter, the property owner moved to vacate the judgment pursuant to Rule 4:50-1(e) and (f). Id. at 351. He argued he was entitled to relief because he obtained the funds necessary to redeem the lien prior to making the motion and would lose significant equity in the property if the foreclosure judgment was not vacated. Ibid. The trial court granted the motion, conditioned on the property owner's redeeming the lien within forty-five days,

and paying the legal fees incurred by the lienholder with respect to the lien. Id. at 352.

The lienholder appealed. While the appeal was pending, the Supreme Court issued its decision in Tyler. Id. at 350. We rejected the lienholder's argument the holding in Tyler should apply only prospectively to avoid the denial of the due process rights of existing lienholders. Id. at 353. We reasoned the lienholder possessed only an inchoate interest in the property owner's equity that is perfected only if the lien is not redeemed, which is not the case for most liens. Roberto I, 477 N.J. Super. at 364. Thus, we concluded, retroactive application of Tyler would not impose an inequity on lienholders. Ibid.

We also considered the argument Tyler should be accorded full retroactivity. Id. at 363. We concluded "[t]he application of full retroactivity would be unworkable and create a substantial hardship for taxing authorities, as well as third-party purchasers." Ibid. We instead held Tyler would be accorded pipeline retroactivity, and apply "retroactively to cases that were in the pipeline when it was decided." Ibid. (quoting State v. Adkins, 221 N.J. 300, 313 (2015)).

We determined Tyler required the judgment to be vacated because it effectuated a taking of the property owner's equity beyond that necessary to redeem the lien and make the lienholder whole. Id. at 366. We also held the

A-1274-24

trial court did not abuse its discretion in granting the property owner's motion to vacate the judgment, even without consideration of Tyler, given the property owner's demonstration of his ability to immediately redeem the lien, as well as other factors militating toward equitable relief. Roberto I, 477 N.J. Super. at 368-69.

The Supreme Court affirmed. 257-261 20th Ave. Realty, LLC v. Roberto, 259 N.J. 417 (2025). The Court held Tyler applies to "pending cases on direct review" when it was issued, including the lienholder's direct appeal of the trial court's order vacating the final judgment. Id. at 441-42. Because the property owner's claim was on direct review, the Court did not "address or adopt" our conclusion the holding in Tyler was not entitled to complete retroactive application. Id. at 442 n.3. The Court also did not address our conclusion the trial court did not misapply its discretion when it granted the property owner relief under Rule 4:50-1. Id. at 437.

Pursuant to our holding in Roberto I, the holding in Tyler is to be accorded pipeline retroactivity. Pipeline retroactivity applies to all cases pending in the judicial pipeline at the time Tyler was issued. When the Supreme Court issued its opinion in Tyler on May 25, 2023, defendant's challenge to the August 31, 2022 final judgment was not pending in any court. Although plaintiff submitted

24

A-1274-24

three documents to the motion court in October 2022, shortly after entry of the judgment, the court did not accept those filings and returned them to defendant because of various deficiencies. Defendant did not move to vacate the judgment until October 3, 2024, well more than a year after Tyler was issued. In addition, defendant did not mention Tyler in his moving papers until a month later, when he filed his motion for reconsideration on November 4, 2024. Thus, defendant is not entitled to retroactive application of the holding in Tyler and the holding in that case does not invalidate the August 31, 2022 final judgment.[8]

To the extent we have not specifically addressed any of defendant's remaining claims, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

---

[8] We note that even if defendant's motion to vacate the judgment pursuant to Rule 4:50-1(f) had been timely filed, he did not demonstrate an entitlement to relief. Defendant did not establish he was ready, willing, and able to promptly redeem the lien and make plaintiff whole, or that, in light of plaintiff's expenditures on the property since entry of the judgment, there was significant equity in the property beyond that necessary to make plaintiff whole.